ODOM, Justice
 

 (dissenting).
 

 I dissent from the ruling that the policy here involved was for a term in excess of 20 years. In my opinion the policy was a 10-year term policy, and for that reason the provisions of Act 193 of 1906 do not apply. That act applies to every contract or policy of life insurance “other than a term policy for twenty years or less”.
 

 In the majority opinion it is stated that the policy was “conditioned upon the payment of a yearly premium of $39.15 fon a period of ten years and thereafter at
 
 *464
 
 increased rates, according to the attained age of the insured”.
 

 That is true, but, in order that the contract might extend beyond the expiration of the 10-year period, it had to be “renewed” or “exchanged for any other form of Policy then in use by the Association”. It was unquestionably contemplated that, in the absence of a renewal or an exchange of the policy within the 10-ye'ar period, it would lapse at the end of that time. I quote the following extracts from the policy under the general heading of “Renewal Premiums”:
 

 “The Insured, or owner of this Policy, may renew the Policy upon the payment of such increasing premiums as may be required on the basis of attained age of the Insured at nearest birthday. * * * Provided, however, that the age of the Insured shall be reckoned at the age at the date of the issue of this Policy for ten years and afterwards at attained age for the purpose of levying premiums according to the above table. At any time within ten years from date of this Policy it may be exchanged for any other form of Policy then in use by the Association which it may be permitted to deliver in the State in which this Policy is delivered, with two options as follows: (1) Provided this Policy is in force and no premiums in default, it may be exchanged as of original date and the premium of that date and age changed provided that in addition a sum is paid equal to the re-, serve that the rules of the Association provide that should be to the credit of the Policy, or (2) The Policy may be dated at the time of the exchange and the rate charged provided for at the attained age of the Insured.”
 

 It is true that under the policy the insurance might be kept in force beyond the primary term of 10 years, but it could not be kept in force for a longer period without a renewal of the policy or an exchange of it for another form of policy then in use by the association. The policy on its face disclosed the amount of the additional premiums which the insured would be required to pay. in case he renewed or exchanged it for another form at or before the expiration of the 10-year period. The insured understood this, as shown by his letter to the company, dated April 6, 1934, which letter reads as follows :
 

 “It is my intention to drop 'this policy. When I contracted for this policy I was assured that at the expiration of the ten year period, that should I care to carry it further that I eould accept a renewal for another ten years at the then age which would be $12.15 for each sixty day period. I would be willing to pay this for an additional ten years, but you inform me that now at my 56th birthday, which will be in June that you will raise the rate again and again at 61 if I should be living, etc., and that taxes me to my way of thinking out of all reason and so I have decided to let the policy lapse.”
 

 This letter shows beyond question that the insured understood perfectly that his policy would lapse at the end of the 10-year period unless renewed or exchanged for another. He spoke in the letter of
 
 *466
 
 “renewal for another ten years at the then age”. But he stated to the company that he was not willing to pay the higher premium, and for that reason he “decided to let the policy lapse”.
 

 The policy was for $3,000 and was issued when the insured was 45 years of age. The premium on the policy was $39.15 per annum, or $13.05 a thousand per annum, which is an extremely low premium rate. It was optional with the insured whether he should renew the policy or exchange it for one of another form within, or at the end of, the 10-year period, at a higher premium rate. He elected to let the policy lapse.
 

 Now, according to the majority opinion, if there were accumulations to the credit of the policy, the company was hound to use such accumulations, if any, to carry the policy for such additional length of time as the accumulations would warrant. If it be true, and I do not concede that this is true, that the policy was for a period in excess of 20 years, my opinion is that, due to the fact that the insured had exercised the option of permitting the policy to lapse, the insurance company could not have carried the policy further. Section 2, Act 193 of 1906, provides that, if no other option expressed in the policy be availed of by the owner thereof, “the same [referring to the accumulations on the policy, if any] without any further act on the part of the owner of the policy, shall be applied to continue the insurance in force”, etc.
 

 If the policy was such as the majority opinion holds it to be, and if there were accumulations to the credit of the policy, I think the insured could have required the company to pay to him such accumulations. But I do not think that the policy could have been extended by the company after the insured notified the company that he had decided to let the policy lapse.
 

 I respectfully dissent from the majority opinion.